IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01707-BNB

EDWIN MARK ACKERMAN,

    Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Edwin Mark Ackerman, is a prisoner in the custody of the Colorado Department of Corrections (DOC), who currently is incarcerated at the Sterling, Colorado, Correctional Facility. On July 12, 2010, Mr. Ackerman, acting *pro se*, submitted to the Court an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court must construe the Application liberally because Mr. Ackerman is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

Mr. Ackerman previously sought relief pursuant to 28 U.S.C. § 2254 in this Court regarding the same State of Colorado criminal conviction that he challenges in the

instant action. See *Ackerman v. Zenon, et al.*, No. 04-cv-01082-EWN-OES (D. Colo. March 14, 2006). The prior § 2254 action was dismissed as time-barred under 28 U.S.C.§ 2244(d). Therefore, the instant § 2254 action is a second or successive motion.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Ackerman must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action. In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

The claims in the instant action, like the claims Mr. Ackerman asserted in his previous § 2254 action, are barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d). A transfer of this action to the Tenth Circuit is not in the interest of justice. The Application, therefore, will be denied for lack of jurisdiction. Accordingly, it is

instant action. See *Ackerman v. Zenon, et al.*, No. 04-cv-01082-EWN-OES (D. Colo. March 14, 2006). The prior § 2254 action was dismissed as time-barred under 28 U.S.C.§ 2244(d). Therefore, the instant § 2254 action is a second or successive motion.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Ackerman must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action. In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

The claims in the instant action, like the claims Mr. Ackerman asserted in his previous § 2254 action, are barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d). A transfer of this action to the Tenth Circuit is not in the interest of justice. The Application, therefore, will be denied for lack of jurisdiction. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied for lack of jurisdiction, and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Ackerman has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this  11th  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01707-BNB

Edwin Mark Ackerman
Prisoner No. 87741
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/10

                                  GREGORY C. LANGHAM, CLERK

                                By: _____
                                         Deputy Clerk